15270

STATE v. KOON

*EX PARTE* VALLEY COACHES, INC.

(15 S. E. (2d), 133)

*Messrs. Williams & Busbee,* of Aiken, for appellant, ▮▮

*Messrs. Garvin & Simons,* of Aiken, and *Messrs. Brown & Watt,* of Barnwell, for respondent, ▮▮

May 30, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This is an appeal from an order of his Honor, Judge Oxner, which was rendered after a hearing on a rule requiring the respondent, Luther Koon, to show cause why he should not be adjudged in contempt for violation of the terms of an injunction *pendente lite* issued by his Honor, Judge Henderson, in an action pending in the Court of Common Pleas wherein Valley Coaches, Incorporated, is plaintiff and the respondent and others are defendants.

Construction of the injunction order was necessary for the determination of the question whether the respondent had violated it and while the Court found such violation, appellant complains of the construction of the injunction order and particularly imputes error to Judge Oxner in his following quoted interpretation of the order: "It appears from the testimony that the major portion of respondent's business consists of a prearranged arrangement to transport textile employees between their homes and the plants. These trips are made regularly during the days of employment, and at times there are other prearranged agreements to transport these employees to and from certain nearby towns. These constitute, according to the testimony, not casual transportation but a definite arrangement by which such is done at regular intervals. I do not think that this would constitute a violation of the order of Judge Henderson. Such business would constitute private employment for a specific trip."

In order to test the accuracy of the foregoing it is necessary to set out the following portion, the meat, of the order of injunction: "It is accordingly ordered, that pending the determination of this suit upon its merits by a final decree, or until the further order of the Court, the defendants and each of them, and others in similar plight and in the classes represented by the named defendants, be, and they are hereby, enjoined and restrained from soliciting or receiving passengers on any of the highways constituting the regular route of Valley Coaches, Inc., plaintiff, as set forth above, at any point on the plaintiff's regular scheduled route greater than five (5) miles from the limits of either the City of Aiken or the Town of North Augusta."

It should be added that the references to the municipalities of Aiken and North Augusta are made dependent by other provisions of the order on the fact that the respondent is licensed as a taxicab operator by the municipalities; if he is licensed by the City of Aiken he would under the terms of the order have the rights referred to within five miles of the limits of the city, and if he is so licensed by the Town of

North Augusta he would have similar rights within five miles of its corporate limits.

We are not now concerned with the construction of the statutes involved, which is presumably included in the action in which the injunction *pendente lite* was issued, or with the correctness of the latter, but we are concerned only with the construction of the order of injunction. Upon consideration of it we have come to the conclusion that there was error in the interpretation quoted first above.

Prearranged passenger traffic would, we think, include solicitation and certainly involve the receipt of passengers which were forbidden on any of the highways constituting the regular route of Valley Coaches, Incorporated, by the injunction order.

Accordingly, the order of his Honor, Judge Oxner, is modified by the striking therefrom of the portion quoted hereinabove; and the action is remanded to the Court of Common Pleas of Aiken County for any further proper proceedings consistent with the views herein expressed.

Modified.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.